1

2

3

4

5

6

7

8

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| | |
|---|---|
| AVALONBAY COMMUNITIES, INC., ) | NO. CV 13-7317 UA (DUTYx) |
| Plaintiff, ) | |
| v. ) | **ORDER SUMMARILY REMANDING** |
| CROCKER ELDRIDGE, et al., ) | **IMPROPERLY-REMOVED ACTION** |
| Defendants. ) | |

15    The Court will remand this unlawful detainer action to state court summarily because

16  Defendant Crocker Eldridge ("Defendant") removed it improperly.

17    On October 3, 2013, Defendant, having been sued in what appears to be a routine unlawful

18  detainer action in California state court, lodged a Notice Of Removal of that action to this Court

19  and also presented an application to proceed in forma pauperis. The Court has denied the latter

20  application under separate cover because the action was not properly removed. To prevent the

21  action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to

22  state court.

23    Plaintiff could not have brought this action in federal court in the first place, in that

24  Defendant does not competently allege facts supplying either diversity or federal-question

25  jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a);[1] see Exxon Mobil Corp v.

26  _____

27    [1] 28 USC § 1441(a) provides that:

28      Except as otherwise expressly provided by Act of Congress, any civil action

1  Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611, 2623 (2005).  As an initial matter, the

2  state court complaint attached to the Notice of Removal asserts only a single cause of action for

3  unlawful detainer pursuant to California Code of Civil Procedure § 1166a.  (See Notice of

4  Removal, Exh. A at 3).[2]  Accordingly, the state court complaint discloses no federal statutory or

5  constitutional question. See Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal.

6  2010) ("An unlawful detainer action does not arise under federal law."); Indymac Federal Bank,

7  F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the

8  Complaint[]" where "[t]he Complaint contains a single cause of action for unlawful detainer.").

9         Moreover, the Court finds unpersuasive Defendant's contention that federal question

10 jurisdiction exists because Plaintiff "discriminat[ed] against defendant by violating [the] Fair

11 Housing Act and 42 U.S.C. § 3604(f)(3)(A)[.]" (Notice of Removal at 2).  It is well-settled that "a

12 case may *not* be removed to federal court on the basis of a federal defense . . . even if the

13 defense is anticipated in the Plaintiff's complaint, and even if both parties concede that the federal

14 defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107

15 S.Ct. 2425, 2430 (1987) (italics in original).  Nor can a counterclaim "serve as the basis for [§

16 1331[3]] 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535

17 U.S. 826, 830-32, 122 S.Ct. 1889, 1893-94 (2002).  Thus, to the extent Defendant's defenses or

18 counterclaims to the unlawful detainer action are based on alleged violations of federal law, those

19 allegations do not provide a basis for federal-question jurisdiction. See Deutsche Bank Nat. Trust

20 Co. v. Llopis, 2011 WL 3502486, at *2 (N.D. Cal. 2011) (rejecting defendant's claim in his notice

21 of removal that "42 U.S.C. 3631 (part of the Fair Housing Act) create[s] federal question

22 _____

23          brought in a State court of which the district courts of the United States have
           original jurisdiction, may be removed by the defendant or the defendants, to
24         the district court of the United States for the district and division embracing
           the place where such action is pending.
25

26 [2] For ease of reference, the court labels and refers to the pages in Exh. A of the Notice of
   Removal in consecutive order.

27

28 [3] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil
   actions arising under the Constitution, laws, or treaties of the United States."

1 | jurisdiction[]" because "[r]emovability is determined through examination of the four corners of the

2 | applicable pleadings, *i.e.*, the complaint[]") (internal quotation marks and citation omitted).

3 |      Finally, even if complete diversity of citizenship exists, the amount in controversy does not

4 | exceed the diversity-jurisdiction threshold of $75,000. <u>See</u> 28 U.S.C. §§ 1332,[4] 1441(b).[5] On the

5 | contrary, the state court complaint recites that the amount in controversy does not exceed

6 | $10,000. Moreover, "[i]n unlawful detainer actions, . . . the amount of damages sought in the

7 | complaint, not the value of the subject real property, determines the amount in controversy."

8 | <u>Litton Loan Servicing, L.P. v. Villegas</u>, 2011 WL 204322, at *2 (N.D. Cal. 2011) (noting that "[i]n

9 | unlawful detainer actions such as this one, California courts have noted that the right to

10 | possession alone is involved – not title to the property[]") (internal quotation marks, brackets and

11 | citation omitted). Here, Plaintiff's complaint alleges damages for the reasonable value of the use

12 | and occupancy of the subject property, <u>i.e.</u>, Plaintiff seeks $96.69 per day from expiration of the

13 | notice to vacate, August 1, 2013, through the date on which Defendant relinquishes possession.

14 | Because these damages sought from the unlawful possession of the property do not exceed

15 | $75,000 (thus far, they would total approximately $6,865), this Court lacks diversity jurisdiction.

16 | <u>See</u> 28 U.S.C. § 1332(a); <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 291, 58

17 | S.Ct. 586, 591 (1938) (the status of the case as disclosed by the plaintiff's complaint is controlling

18 | for purposes of removal).

---

[4] 28 U.S.C. § 1332(a) provides that diversity jurisdiction exists only in suits between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

[5] 28 U.S.C. § 1441(b) provides that:

> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

3

1     Accordingly, IT IS ORDERED that:

2        1.  This matter shall be REMANDED to the Superior Court of California, County of Los

3   Angeles, Santa Monica Courthouse, 1725 Main Street, Rm. 232, Santa Monica, CA 90401, for

4   lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

5        2.  The Clerk shall send a certified copy of this Order to the state court.

6        3.  The Clerk shall serve copies of this Order on the parties.

7

8   DATED: _____10/18_____, 2013.

9

10                                        _____
                                                   GEORGE H. KING
11                                        CHIEF UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28